IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DUANE ROBERTSON,

    Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

    Defendants.

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Fed. R. Civ. P. 81(c), and D.C.COLO.LCivR 81.1, Defendants The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien hereby file this Notice of Removal of the above-captioned civil action to the United States District Court for the District of Colorado from the District Court of Jefferson County, Colorado. In support of removal, the Defendants state:

1. This action was commenced on March 9, 2007 in the District Court of Jefferson County, Colorado and is now pending in that court. The action is styled as *Duane Robertson v. The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien, Case No. 2007CV1136, Div. 8* ("the state court action").

2. The Defendants herein are the Defendants in the state court action and all of them consent to and join in this removal.

3. A copy of the Complaint in the state court action was received by all of the Defendants on March 14, 2007 when each was served with a Summons, Complaint, and Civil Cover Sheet.

4. The Complaint asserts claims for breaches of contract (patent purchase and royalty agreement, security agreement, and personal guarantee) against all Defendants, a claim for an accounting against all Defendants, and a claim for breach of contract (promissory note) against Defendant Intellinetics, Inc. The Plaintiff seeks remedies from all Defendants, jointly and severally, in the form of actual and consequential damages, a judicial accounting concerning royalty payments, costs, and attorney fees.

5. Pursuant to 28 U.S.C. §1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants to the district court of the United States for the district and division embracing the place where such action is pending.

6. Original jurisdiction of the district courts of the United States includes diversity of citizenship under 28 U.S.C. §1332(a)(1), whereby the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

7. This Court has original jurisdiction of this civil action by reason of the diversity of citizenship of the parties. Plaintiff is now and at the time the state court action was commenced a citizen of the State of Colorado. (Complaint, ¶1). None of the Defendants are citizens of the State of Colorado. Defendants Avatar Group and Intellinetics are now and were at the time the state court action was commenced citizens of the State of Ohio, as each is incorporated in Ohio and each has its principal place of business there. (Complaint, ¶¶2-3). See also, 28 U.S.C. §1332(c)(1), providing that for purposes of diversity of citizenship and removal from state court, a corporation shall be deemed a citizen of any State by which it has been incorporated and of the

State where it has its principal place of business.  Defendants Michael Chretien and Matthew Chretien are now and at the time the state court action was commenced citizens of the State of Ohio.  (Complaint, ¶¶4-5).

8.	The amount in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  The Complaint does not specifically aver the amount because of the proscription in C.R.C.P. 8(a) that no dollar amount shall be stated in the prayer or demand for relief in a pleading.  However, the Civil Cover Sheet served on each Defendant states in pertinent part: "This party [Plaintiff] is seeking a monetary judgment for more than $100,000 against another party [Defendants], including any attorney's fees, penalties, or punitive damages, but excluding interest and costs."  Moreover, the Exhibits to the Complaint include the Patent Purchase And Royalty Agreement and Promissory Note about which the Plaintiff is suing.  The Agreement contemplates royalty payments up to a maximum of $750,000 (Complaint, Ex. A at ¶2) and the Note is in the principal amount of $100,000 (Complaint, Ex. C).

9.	Filed with this Notice are copies of all process, pleadings, orders, motions, and other papers served on the Defendants and filed with the State court.  See, 28 U.S.C. §1446(a) and D.C.COLO.LCivR 81.1.

10.	Defendants will give written notice of this filing to the Plaintiff and will file a copy of this Notice with the clerk of the State court, as required by 28 U.S.C. §1446(d).

11.	Undersigned counsel represents all of the Defendants and has the authority to remove the state court action on their behalf.

**WHEREFORE**, Defendants request that the civil action proceed in this Court as an action properly removed to it.

3

Dated this 9th day of April, 2007.

                Respectfully submitted,

s/ Randolph S. Dement
Randolph S. Dement
7720 E. Belleview Avenue, Suite 350
Greenwood Village, Colorado  80111
Telephone:  303-721-7271
Facsimile:  303-779-6006
E-mail:  rdement@dementlaw.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that a copy of the foregoing **NOTICE** was served upon the following persons by depositing same in the United States mail, first-class postage prepaid and properly addressed on this the 9th day of April, 2007:

Philip W. Bledsoe
Nicole A. Westbrook
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, Colorado  80265

            s/ Randolph S. Dement
            Randolph S. Dement
            7720 E. Belleview Ave., Suite 350
            Greenwood Village, Colorado  80111
            Telephone:  303-721-7271
            Facsimile:  303-779-6006
            E-mail:  rdement@dementlaw.com
            Attorney for Defendants