| | |
|---|---|
| DISTRICT COURT, COUNTY OF JEFFERSON, STATE OF COLORADO<br><br>100 Jefferson County Parkway<br>Golden, CO 80401<br>(303) 271-6145<br><br>**Plaintiff:**<br>DUANE ROBERTSON<br><br>v.<br><br>**Defendants:**<br>THE AVATAR GROUP, INC., an Ohio corporation; INTELLINETICS, INC., an Ohio corporation; A. MICHAEL CHRETIEN, individually; MATTHEW L. CHRETIEN, individually<br><br>**Counsel for Plaintiff:**<br>Philip W. Bledsoe, No. 33606<br>Nicole A. Westbrook, No. 34310<br>Shughart Thomson & Kilroy, P.C.<br>1050 Seventeenth Street, Suite 2300<br>Denver, CO 80265<br>(303) 572-9300 | **EFILED Document**<br>**CO Jefferson County District Court 1st JD**<br>**Filing Date: Mar  9 2007  3:58PM MST**<br>**Filing ID: 14080450**<br>**Review Clerk: Lori G**<br><br><br>**COURT USE ONLY**<br>_____<br><br>Case Number:<br><br>Div: |
| **COMPLAINT AND JURY DEMAND** ||

Plaintiff Duane Robertson, by and through his counsel, Shughart Thomson & Kilroy, P.C., for his Complaint against Defendants states as follows:

**PRELIMINARY STATEMENT**

This suit involves a purchase agreement for a patent and a royalty payment agreement, along with a security agreement, executed in Robertson's favor. Defendants Avatar, Intellinetics, Michael and Matthew Chretien have failed to pay royalties and therefore breached their written promises to Robertson. Additionally, a promissory note was executed by Matthew Chretien for Intellinetics to borrow $100,000 from Robertson. Intellinetics has never paid the principal or interest owed to Robertson from this written promise and is in breach of the promissory note. Throughout the

relationship, Robertson has been deprived the use of the patent, his royalties, and the interest and principal due on the promissory note from the Defendants.

## PARTIES

1. Plaintiff Duane Robertson ("Robertson") is a Colorado resident, residing at 122 Loveland Way, Golden, CO 80401.

2. Defendant The Avatar Group, Inc. ("Avatar") is an Ohio corporation, with its principal address at 189 West Southington Avenue, Worthington, Ohio 43805.

3. Defendant Intellinetics, Inc. ("Intellinetics") is an Ohio corporation, with its principal address at 2190 Dividend Drive, Columbus, Ohio 43228.

4. Defendant A. Michael Chretien ("Michael Chretien"), is Vice President of Intellinetics, and therefore has his usual place of business at 2190 Dividend Drive, Columbus, Ohio 43228.

5. Defendant Matthew L. Chretien ("Matthew Chretien"), is President of Intellinetics, and therefore has his usual place of business at 2190 Dividend Drive, Columbus, Ohio 43228.

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper pursuant to C.R.S. § 13-1-124, as each Defendant in this matter entered into a contract with a Colorado resident. Moreover, this Court has jurisdiction over Robertson's claims pursuant to the choice of law provision in the "Patent Purchase and Royalty Agreement" and the "Security Agreement" executed by Avatar, Michael Chretien, Matthew Chretien, and Robertson.

7. Venue is proper in this Court as the Plaintiff is a resident of Jefferson County, part of the contracts at issue were to be performed in Jefferson County, and pursuant to C.R.C.P. 98(c).

## GENERAL ALLEGATIONS

8. On December 19, 1996, Avatar, Michael Chretien, and Matthew Chretien entered into a Patent Purchase and Royalty Agreement ("Purchase Agreement") with Duane Robertson to purchase a "Three-State Virtual Volume System for Managing Document Storage to Permanent Media," bearing United States Patent No. 5,408,630 ("Patent"). [Purchase Agreement, Ex. A.]

9. The Purchase Agreement provides that Avatar shall pay Royalty Payments to Robertson in the amount of 20% of all gross revenues earned in relation to the Patent, up to an amount of $750,000, the "Minimum Royalty Obligation." [Purchase Agreement, Ex. A, ¶ 2(a).] After reaching the Minimum Royalty Obligation, Avatar shall pay to Robertson 5% of all gross revenues until December 31, 2011. [Purchase Agreement, Ex. A, ¶ 2(b).] The Purchase Agreement

also provides that Avatar agreed to generate minimum annual gross revenues in the following amounts: $200,000 for 1997; $350,000 for 1998; $550,000 for 1999; and 110% of the prior year's gross revenues for each year thereafter. [Purchase Agreement, Ex. A, ¶ 5.] Payments were agreed to be paid monthly to Robertson on the tenth day of every month. [Purchase Agreement, Ex. A, ¶ 3.]

10. The Purchase Agreement further states that, in the event Avatar fails to pay Robertson as stated, Avatar will be responsible for paying a late charge of five cents for each dollar overdue, the total amount bearing interest at the rate of 18% per annum until paid in full. [Purchase Agreement, Ex. A, ¶ 4.]

11. As security for the terms of the Patent purchase, Avatar executed a separate Security Agreement on December 19, 1996. [Security Agreement, Ex. B.] The Security Agreement provides that, upon default, including Avatar's failure to pay Robertson in accordance with the terms of the Agreement, Robertson can reclaim the Patent. [Security Agreement, Ex. B, ¶ C(2).] The Security Agreement states that "[o]n default of Debtor…at Secured Party's option, without demand or notice, all or any part of the Debt shall immediately become due." [Security Agreement, Ex. B, ¶ C(2).]

12. The performance by Avatar under the terms of the Purchase Agreement and Security Agreement is guaranteed personally, jointly and severally, by Michael and Matthew Chretien. [Purchase Agreement, Ex. A, ¶ 9.]

13. Separately from the Purchase Agreement and Security Agreement, although incidental to the relationship between the parties arising from these agreements, Matthew Chretien, signing on behalf of the stated borrower, Intellinetics, executed a $100,000 Promissory Note in favor of Robertson on October 25, 2000. [Promissory Note, Ex. C.] The terms of the Promissory Note, written on Avatar letterhead, states that Intellinetics promises to pay Robertson $105,666.66 plus interest from October 27, 2007, in the amount of 8.5% per annum.

14. Intellinetics has assumed the right to use the Patent from Avatar, and has been or is using the Patent for its own purposes.

15. As of this date, the Defendants have failed to pay Robertson the amounts owed under the terms of the Purchase Agreement and Security Agreement, as well as under the terms of the Promissory Note.

**FIRST CLAIM FOR RELIEF**
**(Breach of Contract – Purchase Agreement and Security Agreement**)

16. Robertson incorporates by reference paragraphs 1 through 15 above, as if fully stated herein.

17. The Purchase Agreement and supporting Security Agreement are valid, binding written contracts.

2037639.1

18. Robertson has satisfied all conditions under the contracts.

19. Defendants Avatar and Intellinetics, both as agent of Avatar and on its own behalf used the Patent under Avatar's rights, breached the contracts by failing to honor their terms, which require the Defendants, among other things, to pay royalties on the Patent in the amounts stated in the Purchase Agreement to Robertson on the 10th of each month.

20. Therefore, Robertson is entitled to the full payment under the terms of both agreements including all arrearages.

21. As a result of the breach of contract by Avatar and Intellinetics, as agent of Avatar, Robertson was damaged in an amount to be proven at trial.

WHEREFORE, Robertson respectfully requests that this Court enter judgment in its favor and against Avatar and Intellinetics, jointly and severally, for actual and consequential damages resulting from their breach of contract, for Robertson's costs and attorneys' fees, and for such other relief that this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract – Guarantee)**

22. Robertson incorporates by reference paragraphs 1 through 21 above, as if fully stated herein.

23. The Purchase Agreement, containing personal guarantees, jointly and severally, by Michael and Matthew Chretien, is a valid, binding written contract.

24. Robertson has satisfied all conditions under the contract.

25. Defendants Michael Chretien and Matthew Chretien breached the Purchase Agreement and Security Agreement by failing to honor the guarantee contained in the terms of the Purchase Agreement, which requires Michael and Matthew Chretien to guarantee the full and complete performance by Avatar of Avatar's obligations under the contracts, including the payment of royalties on the Patent to Robertson.

26. Therefore, Robertson is entitled to collect the full payment under the terms of both agreements including all arrearages from Michael and Matthew Chretien, individually, jointly and severally.

27. As a result of the breach of contractual guarantee by Michael and Matthew Chretien, Robertson was damaged in an amount to be proven at trial.

WHEREFORE, Robertson respectfully requests that this Court enter judgment in its favor and against Michael Chretien, and Matthew Chretien, individually, jointly and severally, for actual

and consequential damages resulting from their breach of the contractual guarantee, for Robertson's costs and attorneys' fees, and for such other relief that this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
(Accounting)

28. Robertson incorporates by reference paragraphs 1 through 27 above, as if fully stated herein.

29. Legal remedies are inadequate in this case because Avatar, Intellinetics, Michael and Matthew Chretien have failed to keep clear records of the royalties owed to Robertson in accordance with the Purchase Agreement and time has passed with various sales involving the Patent.

30. Robertson is unable to determine the precise amount of money due to him from Avatar, Intellinetics, Michael and Matthew Chretien under the terms of the royalty payments of the Purchase Agreement.

31. In order to properly assess the amount owed under the breach of contract claims raised in Robertson's First and Second Claims For Relief, discovery in the form of an accounting is necessary.

WHEREFORE, Robertson respectfully requests that this Court enter judgment in its favor and against Avatar, Intellinetics, Michael Chretien, and Matthew Chretien, by ordering a judicial accounting to determine the real and accurate amount of royalties owed to Robertson, for Robertson's costs and attorneys' fees, and for such other relief that this Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
(Breach of Contract – Promissory Note)

32. Robertson incorporates by reference paragraphs 1 through 31 above, as if fully stated herein.

33. The Promissory Note is a valid, binding written contract.

34. Robertson has satisfied all conditions under the contract.

35. Defendant Intellinetics breached the contract by failing to honor its terms, which require Intellinetics, among other things, to pay the amount owed plus interest to Robertson.

36. Therefore, Robertson is entitled to the full payment under the terms of the agreement including all arrearages.

37. As a result of the breach of contract by Intellinetics, Robertson was damaged in an amount to be proven at trial.

WHEREFORE, Robertson respectfully requests that this Court enter judgment in its favor and against Intellinetics, for actual and consequential damages resulting from its breach of contract, for Robertson's costs and attorneys' fees, and for such other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial on all claims so triable.

Dated:  March 9, 2007

        SHUGHART THOMSON & KILROY, P.C.
*Pursuant to C.R.C.P. 121 § 1-26, this document was E-Filed and/or E-Served via CourtLink, and a duly signed copy is on file and available for inspection at the offices of undersigned counsel.*

_____
Philip W. Bledsoe, No. 33606
Nicole A. Westbrook, No. 34310
***Attorneys for Plaintiff***

**Plaintiff's address:**
122 Loveland Way
Golden, CO 80401