IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00729-RPM-MJW

DUANE ROBERTSON,

    Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

    Defendants.

## ANSWER AND JURY DEMAND

Pursuant to Fed. R. Civ. P. 12 (a) and 81(c), Defendants The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien answer and aver as follows:

### ANSWER TO PRELIMINARY STATEMENT

The preliminary statement is an argumentative position statement to which an answer is not required. To the extent an answer is required, Defendants admit only that Avatar executed a patent purchase and royalty agreement and security agreement, and that Intellinetics executed a promissory note. The remaining allegations in the preliminary statement are denied.

### ANSWER TO PARTIES

1.     Defendants admit that Robertson is a Colorado resident but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 1.

2-5.     The allegations in paragraphs 2 through 5 are admitted.

**ANSWER TO JURISDICTION AND VENUE**

6. Defendants deny that jurisdiction is proper in the District Court of Jefferson County, Colorado but admit to the execution of contracts with the Plaintiff. Defendants affirmatively state that the promissory note has a valid Ohio choice of law provision.

7. Defendants deny that venue is proper in Jefferson County, Colorado.

**ANSWER TO GENERAL ALLEGATIONS**

8-10. Defendants admit only that Avatar and Plaintiff executed a patent purchase and royalty agreement effective as of December 19, 1996, and that a copy of the agreement is attached to the Complaint as Exhibit A. The terms of the agreement speak for themselves and any allegation inconsistent with those terms is denied. Defendants affirmatively state that they are without knowledge or information sufficient to form a belief as to the truth of the statement in the agreement that Plaintiff is or was the owner of the patent as he represented.

11. Defendants admit only that Avatar executed a security agreement dated December 19, 1996, and that a copy of the agreement is attached to the Complaint as Exhibit B. The terms of the agreement speak for themselves and any allegation inconsistent with those terms is denied.

12. Defendants admit only that Michael and Matthew Chretien signed the patent purchase and royalty agreement. The terms of the agreement speak for themselves and any allegation inconsistent with those terms is denied.

13. Defendants admit only that Intellinetics executed a promissory note on or about October 12, 2000, and that a copy of the promissory note is attached to the Complaint as Exhibit C. The terms of the promissory note speak for themselves and any allegation inconsistent with those terms is denied.

14-15. The allegations in paragraphs 14 and 15 are denied.

**ANSWER TO FIRST CLAIM FOR RELIEF**

16.     Defendants repeat and incorporate by reference their answers to the allegations in paragraphs 1 through 15.

17.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18-21.  The allegations in paragraphs 18 through 21 are denied.

**ANSWER TO SECOND CLAIM FOR RELIEF**

22.     Defendants repeat and incorporate by reference their answers to the allegations in paragraphs 1 through 21.

23.     Defendants admit that Michael and Matthew Chretien signed the agreement attached to the Complaint as Exhibit A but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24-27.  The allegations in paragraphs 24 through 27 are denied.

**ANSWER TO THIRD CLAIM FOR RELIEF**

28.     Defendants repeat and incorporate by reference their answers to the allegations in paragraphs 1 through 27.

29.     The allegations in paragraph 29 are denied.

30.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     The allegations in paragraph 31 are denied and Defendants affirmatively state that Plaintiff has already conducted an accounting.

**ANSWER TO FOURTH CLAIM FOR RELIEF**

32.     Defendants repeat and incorporate by reference their answers to the allegations in paragraphs 1 through 31.

3

33.  The allegations in paragraph 33 are admitted.

34.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34.

35-37.  The allegations in paragraphs 35 through 37 are denied.

### ADDITIONAL AND AFFIRMATIVE DEFENSES

Any allegation in the Complaint which is not specifically admitted above is denied, and Defendants further deny each and every allegation to which a specific response is not pleaded.

The Complaint fails to state a claim or claim upon which relief can be granted.

The claims in the Complaint are barred in whole or in part by the applicable statute of limitations.

The claims in the Complaint are barred in whole or in part by the doctrine of laches.

The claims in the Complaint are barred in whole or in part by the doctrines of waiver, estoppel, acquiescence, and payment.

Venue of this action is improper in this Court but proper in the United States District Court for the Southern District of Ohio, and this action should be transferred there.

Defendants reserve the right to assert additional affirmative defenses as discovery ensues.

**WHEREFORE**, having fully answered the Complaint, Defendants request that the Plaintiff take nothing thereby, that the Complaint be dismissed and the Defendants be awarded their reasonable attorney fees and costs incurred in defending this action, and that the Court grant the Defendants such other and further relief as it deems just.

**JURY DEMAND - PURSUANT TO FED. R. CIV. P. 38, DEFENDANTS DEMAND TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated this 16th day of April, 2007.

                                     Respectfully submitted,


                                     s/ Randolph S. Dement
                                     Randolph S. Dement
                                     7720 E. Belleview Avenue, Suite 350
                                     Greenwood Village, Colorado  80111
                                     Telephone:  303-721-7271
                                     Facsimile:  303-779-6006
                                     E-mail:  rdement@dementlaw.com
                                     Attorney for Defendants

**CERTIFICATE OF SERVICE**

       I hereby certify that on April 16, 2007, I electronically filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address: Philip W. Bledsoe (pbledsoe@stklaw.com); and I hereby certify that I have served the document to the following non-CM/ECF participant in the manner indicated by the non-participant's name:

Nicole A. Westbrook (mail)
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, Colorado  80265

                                            s/ Randolph S. Dement
                                            Randolph S. Dement
                                            7720 E. Belleview Ave., Suite 350
                                            Greenwood Village, Colorado  80111
                                            Telephone:  303-721-7271
                                            Facsimile:  303-779-6006
                                            E-mail:  rdement@dementlaw.com
                                            Attorney for Defendants