IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00729-RPM-MJW

DUANE ROBERTSON,

    Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

    Defendants.

## MOTION TO TRANSFER VENUE

Pursuant to 28 U.S.C. §§1406(a) and 1404(a), Defendants The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien request that venue of this civil action be transferred to the United States District Court for the Southern District of Ohio, Eastern Division. As grounds, the Defendants state:

### CERTIFICATE

Undersigned counsel certifies that he conferred with opposing counsel in accordance with D.C.COLO.LCivR 7.1A and was advised that that Plaintiff would not consent to transfer venue.

### INTRODUCTION

This case is before the Court upon removal under 28 U.S.C. §1441(a) from the District Court of Jefferson County, Colorado. (Doc. 1, Notice of Removal). Federal subject matter jurisdiction is founded on diversity of citizenship, as the amount in controversy threshold is met, the Plaintiff is a citizen of Colorado, and the Defendants are citizens of Ohio. (Doc. 1 at ¶¶6-8).

1

The Complaint, filed after over five years of no contact or communications between the Plaintiff and Defendants, asserts claims for breach of contract (patent purchase and royalty agreement, security agreement, and promissory note) and for an accounting. (Doc. 1-2, Compl.; Doc. 1-3, Ex. A-C to Compl.). The Defendants have contemporaneously filed their Answer, alleging that venue is improper in this Court and that the case should be transferred to the United States District Court for the Southern District of Ohio, Eastern Division. (Doc. 10 at p. 4).

Because the subject matter jurisdiction over this case is founded solely on diversity of citizenship, 28 U.S.C. §1391(a) should govern venue. §1391(a)(1) provides that venue is proper in the judicial district where any defendant resides, if all of the defendants reside in the same State. §1391(a)(2) provides that venue is proper in the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.[1] Both subsections point to the United States District Court for the Southern District of Ohio with respect to this case, and it should be transferred to that District pursuant to either 28 U.S.C. §1406(a) or 28 U.S.C. §1404(a).[2]

The facts asserted in support of the requested transfer are set forth in the attached Affidavit of A. Michael Chretien and in the pleadings and other papers on file with the Court.

### TRANSFER UNDER 28 U.S.C. §1406(a)

Under 28 U.S.C. §1406(a) a case laying venue in the wrong district shall be transferred to a district in which it could have been brought "[i]f it be in the interest of justice." A minority view is that following removal of a case from state court, a federal court may transfer the case to another district for improper venue pursuant to §1406(a). *Addison v. North Carolina Dep't. of Crime,* 851 F. Supp. 214, 218 (M.D.N.C. 1994) ("[t]he removal is deemed proper and the matter

---

[1] 28 U.S.C. §1391(a)(3) would not apply because it covers venue only "if there is no district in which the action may otherwise be brought."

[2] Specifically, transfer would be to the United States District Court for the Southern District of Ohio, Eastern Division, as court for that Division sits in Columbus, Ohio. See, 28 U.S.C. §115(b)(2).

may thereafter be transferred to correct venue or for the convenience of the parties and witnesses. 28 U.S.C. §§1404(a) and 1406(a)."); *Cook v. Shell Chemical Co.,* 730 F. Supp.1381, 1382-83 (M.D. La. 1990) (after removal "§1406(a) can be used when the transferor court is an improper venue."). Although not so holding directly, the Tenth Circuit has noted in *dictum* that transfer of a removed case to another district for improper venue is authorized under §1406(a). *Doering v. Copper Mountain, Inc.,* 259 F.3d 1202, 1208-09 at n. 3 (10th Cir. 2001). *But see, Lundahl v. Public Storage Mgt., Inc.,* 62 Fed. Appx. 217 (10th Cir. 2003) (not selected for publication in Federal Reporter) (removal venue provided in 28 U.S.C. §1441(a)).

This case could have been brought in the United States District Court for the Southern District of Ohio. The attached Affidavit reveals that every Defendant resides in the Columbus, Ohio metropolitan area. Moreover, virtually all of the alleged events or omissions giving rise to Plaintiff's claims occurred in Ohio. The property that is the subject of this case is situated in Ohio, namely the patent/patent documents and the Defendants' books and records. These facts point to proper venue in the Southern District of Ohio pursuant to 28 U.S.C. §§1391(a)(1) and (a)(2) because jurisdiction is founded only on diversity of citizenship. It is therefore appropriate and in the interest of justice to transfer venue of this case under 28 U.S.C. §1406(a).

### TRANSFER UNDER 28 U.S.C. §1404(a)

After removal, under 28 U.S.C. §1404(a) a case may be transferred to another district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." Courts enjoy great discretion to transfer a case pursuant to §1404(a) according to an individualized, case-by-case consideration of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.,* 928 F.2d 1415, 1515-16 (10th Cir. 1991). Factors relevant for a §1404(a) transfer include (1) the plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of

witnesses; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if one is obtained; (5) relative advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious and economical.  *Chrysler Credit Corp.,* 928 F.2d at 1516, *quoting Tex. Gulf Sulphur Co. v. Ritter,* 371 F.2d 1415, 1417 (10th Cir. 1967).

This case might have been brought in the United States District Court for the Southern District of Ohio for the convenience of the parties and witnesses and in the interest of justice. The *Chrysler Credit* factors and the attached Affidavit favor a transfer of venue pursuant to 28 U.S.C. §1404(a).  Plaintiff chose a state court in Jefferson County, Colorado as his forum, although he had no contact or communication with the Defendants for over five years prior.  The Defendants reside in the Columbus, Ohio area and six out of seven potential witnesses for the Defendants reside there; the one nonresident of Ohio is a willing witness and compulsory process would not be necessary for his attendance at trial in Ohio.

All of the Defendants' books and records, as well as the persons having knowledge of those books and records, are located in the Columbus, Ohio area.  The Defendants' office is in Columbus, Ohio and the accounting which Plaintiff seeks (covering a ten year period) would necessarily have to occur there.  Documents that are the subject of this dispute were signed in the Columbus, Ohio area and Plaintiff filed one of those documents with the UCC Division of the Ohio Secretary of State.  The events or omissions allegedly giving rise to Plaintiff's claims occurred in Columbus, Ohio.  Even the Plaintiff, through his agent, has acknowledged that the dispute would end up in court in Columbus, Ohio.

With respect to the necessary proof, the cost of travel and transporting witnesses and relevant documents (spanning a time period of over ten years) would be expensive for the Defendants and their witnesses.  If Plaintiff were to obtain a judgment, it would be more easily enforceable in Ohio where the Defendants reside and their financial documents are located. There are no obstacles to a fair trial in Ohio of which the Defendants are aware, moreover, according to his firm's website, Plaintiff's counsel is admitted to practice in the Sixth Circuit in which the Ohio federal court sits.  Defendants do not believe the docket in the Southern District of Ohio is any more congested than in the District of Colorado.

As for conflict of laws and questions of local law, two of the material documents have an Ohio choice of law provision governing them (the promissory note attached to the Complaint and the nondisclosure agreement submitted with the attached Affidavit).  Two material documents have a Colorado choice of law provision (the patent agreement and the security agreement attached to the Complaint) with no forum selection clauses.  Research reveals that the choice of law provisions would likely be honored and there is no material difference between the common law of Ohio and Colorado respecting contracts, alleged breaches thereof, and available defenses to the claims asserted.

This case should be transferred to the Southern District of Ohio for the convenience of the parties and the witnesses.  The case would be most efficiently litigated in that District and the above factors favor transfer.  Defendants submit that it would be in the interest of justice to transfer venue under 28 U.S.C. §1404(a).

## CONCLUSION

Defendants submit that it is appropriate for the Court to transfer venue to the United States District Court for the Southern District of Ohio, Eastern Division.  Such a transfer would

be in the interest of justice and convenient to the parties and witnesses, and proper pursuant to the above-cited case law and venue provisions of the United States Code.

Dated this 16th day of April, 2007.

                              Respectfully submitted,

                              s/ Randolph S. Dement
Randolph S. Dement
7720 E. Belleview Avenue, Suite 350
Greenwood Village, Colorado  80111
Telephone:  303-721-7271
Facsimile:  303-779-6006
E-mail:  rdement@dementlaw.com
Attorney for Defendants

**CERTIFICATE OF SERVICE**

  I hereby certify that on April 16, 2007, I electronically filed the foregoing **MOTION** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address: Philip W. Bledsoe (pbledsoe@stklaw.com); and I hereby certify that I have served the document to the following non-CM/ECF participant in the manner indicated by the non-participant's name:

Nicole A. Westbrook (mail)
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, Colorado  80265

                s/ Randolph S. Dement
                Randolph S. Dement
                7720 E. Belleview Ave., Suite 350
                Greenwood Village, Colorado  80111
                Telephone:  303-721-7271
                Facsimile:  303-779-6006
                E-mail:  rdement@dementlaw.com
                Attorney for Defendants