**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00729-RPM-MJW

DUANE ROBERTSON,

    Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

    Defendants.

**AFFIDAVIT OF A. MICHAEL CHRETIEN**

    Affiant, A. Michael Chretien, being of lawful age and being first duly sworn, deposes and states as follows upon his personal knowledge:

1. I am an individual Defendant in this case and am competent to testify to the fact stated in this Affidavit.

2. My son, Matthew L. Chretien ("Matthew") is an individual Defendant in this case.

3. Matthew and I both reside in Powell, Ohio located in the Columbus, Ohio metropolitan area. We do not now and have never resided in Colorado.

4. I am the President of Defendant Avatar Group, Inc. ("Avatar") and Matthew is its Vice President.

5. Avatar is incorporated under the laws of Ohio, its principal place of business and office are located in Columbus, Ohio, and its regular and established business is there. Avatar does not have a place of business or office in Colorado.

1

6.	All of Avatar's books and records, including its accounting and financial documents, are located in Columbus, Ohio.  All of the persons having knowledge of the books and records of the corporation reside in the Columbus, Ohio area.

7.	I am the Vice President of Defendant Intellinetics, Inc. ("Intellinetics") and Matthew is its President.

8.	Intellinetics is incorporated under the laws of Ohio, its principal place of business and office are located in Columbus, Ohio, and its regular and established business is there. Intellinetics does not have a place of business or office in Colorado.

9.	All of Intellinetics' books and records, including its accounting and financial documents, are located in Columbus, Ohio.  All of the persons having knowledge of the books and records of the corporation reside in the Columbus, Ohio area.

10.	The Patent Purchase And Royalty Agreement ("Patent Agreement") attached to the Complaint in this case was signed in December 1996 by Avatar, Matthew, and me in Worthington, Ohio located in the Columbus, Ohio metropolitan area.  The Patent Agreement at paragraph 13 provides that it is to be governed by and construed in accordance with Colorado law.  The Patent Agreement does not have a forum selection clause.

11.	The patent and patent documents that are the subject of the Patent Agreement are located in Columbus, Ohio and have been since December 1996.

12.	The Security Agreement attached to the Complaint in this case was signed in December 1996 by Avatar in Worthington, Ohio located in the Columbus, Ohio metropolitan area.  The Security Agreement at paragraph (D)3 provides that it is to be governed by and construed in accordance with Colorado law.  The Security Agreement does not have a forum selection clause.

13.	The patent and patent documents secured by the Security Agreement are located in Columbus, Ohio and have been since December 1996.

14. Plaintiff Duane Robertson ("Robertson") filed the Security Agreement with the Ohio Secretary of State-UCC Division on or about March 4, 1997 as shown by the attached letter. The Security Agreement was not filed with the Colorado Secretary of State.

15. The Promissory Note attached to the Complaint in this case was signed in October 2000 by Intellinetics in Columbus, Ohio. The Promissory Note at page 2 provides that it shall be construed in accordance with the laws of the State of Ohio.

16. On December 12, 2006 Plaintiff Robertson sent his agent, John Crist, to the Defendants' office in Columbus, Ohio to review and audit our books and records to determine if royalties were due under the Patent Agreement. Prior to this contact, none of the Defendants had any contact or communication with Robertson or his agents for over five years.

17. In connection with his review and audit of the books and records, Mr. Crist, acting as Robertson's agent, signed a Nondisclosure Agreement concerning the books, records, and other information made available to him. The Agreement at paragraph 13 provides that it is made under, and is to be construed according to, the laws of the State of Ohio. A copy of the Agreement is attached.

18. In the course of communications following his review and audit of the books and records, Mr. Crist, acting as Robertson's agent, stated that if there was a lawsuit concerning the Patent Agreement, Security Agreement, and/or Promissory Note, then the dispute would end up in court in Columbus, Ohio.

19. The events or omissions that Robertson alleges give rise to the claims in his Complaint occurred in Columbus, Ohio. Avatar received the subject patent in Columbus, Ohio and the Patent Agreement and Security Agreement related to the purchase of the patent were signed there. Intellinetics received the money evidenced by the Promissory Note in Columbus, Ohio and the Note was signed there. The alleged failure to pay royalties under the Patent Agreement,

the alleged failure to turn over the patent as collateral, and the alleged failure to pay money under the Promissory Note all occurred in Columbus, Ohio.  All of the books and records that Robertson alleges are subject to his claim for an accounting are located in Columbus, Ohio and, according to the Complaint, would span a time period back to December 1996.  If an accounting took place it would as a practical matter necessarily have to occur at our office in Columbus.

20.     All but one of the potential witnesses material to the defense of Robertson's claims are residents of Ohio.  These potential witnesses include (a)-(b) me and my son Matthew, both residing in Powell, Ohio; (c) John Davidson, who resides in the Columbus, Ohio metropolitan area and is an independent contractor who functions as the Chief Financial Officer for Avatar and Intellinetics; (d) Kenneth Gill, who resides in the Columbus, Ohio metropolitan area and is the certified public accountant for Avatar and Intellinetics; (e) Heather Randle, who resides in the Columbus, Ohio metropolitan area and is a former employee who functioned as the sales support manager for Intellinetics; (f) Michael Beck, who resides in the Columbus, Ohio metropolitan area and functions as the client services director for Intellinetics; and (g) Thomas Moss, a resident of Kersey, Colorado who provides software engineering services for Intellinetics.  Mr. Moss, however, is a willing witness and compulsory process is not necessary for his attendance at trial in Ohio.

      FURTHER AFFIANT SAYETH NAUGHT.

Dated this 16th day of April, 2007.

                s/ A.Michael Chretien
                A. Michael Chretien

STATE OF OHIO     )
            )  ss.
COUNTY OF FRANKLIN)

The foregoing instrument was acknowledged before me this 16th day of April, 2007.

                s/ Vadivambigai Govindasamy
                Notary Public
                My commission expires: 3/9/2012