Intellinetics/Crist NONDISCLOSURE AGREEMENT

NONDISCLOSURE AGREEMENT

This is an agreement, effective December 12, 2006 between **Intellinetics™, Inc.,** 2190 Dividend Drive, Columbus, Ohio 43228 (the "Discloser") and John R. Crist, (acting as Agent of Duane Robertson, 122 Loveland Way, Golden, Colorado 80401) JRC Financial, 1600 Glenarm Place, Suite 1101, Denver, Colorado 80202 (the "Recipient"), in which Discloser agrees to disclose, and Recipient agrees to receive, certain proprietary information of Discloser on the following terms and conditions:

1. Proprietary Information: Recipient understands and acknowledges that Discloser's Proprietary Information consist of information and materials that are valuable and not generally known by Discloser's competitors.

Discloser's Proprietary Information includes:

    (a) Any and all information (prior, current or projected) concerning Discloser's finances including, but not limited to, income, debt, and related financial information.

    (b) Information and materials relating to Discloser's purchasing, accounting and marketing, including, but not limited to, marketing plans, sales data, unpublished promotional material, cost and pricing information and customer lists.

    (c) Corporate ownership and structure.

2. Purpose of Disclosure: Recipient shall make use of the Proprietary Records only for the purpose of conducting and audit on the behalf or Duane Robertson.

3. Nondisclosure: In consideration of Discloser's disclosure of its Proprietary Information to Recipient, Recipient agrees that it will treat Discloser's Proprietary Information with the same degree of care and safeguards that it takes with its own Proprietary Information, but in no event less than a reasonable degree of care. Recipient agrees that, without Discloser's prior written consent, Recipient will not:

    (a) disclose Discloser's Proprietary Information to any third party;

    (b) make or permit to be made copies or other reproductions of Discloser's Proprietary Information, or;

    (c) make any commercial use of the Proprietary Information.

Recipient will not disclose Discloser's Proprietary Information to Recipient's employees, agents and consultants unless: (1) they have a need to know the information in connection with their employment or consultant duties; and (2) they personally agree in writing to be bound by the terms of this Agreement.

4. Return of Materials: Upon Discloser's request, Recipient shall promptly (within 30 days) return all original materials provided by Discloser and any copies, notes or other documents in Recipient's possession pertaining to Discloser's Proprietary Information.

5. Exclusions: This agreement does not apply to any information which:

    (a) was in Recipient's possession or was known to Recipient, without an obligation to keep it confidential, before such information was disclosed to Recipient by Discloser;

    (b) is or becomes public knowledge through a source other than Recipient and through no fault of Recipient;

    (c) is independently developed by or for Recipient;

© 2005 Intellinetics™, Inc. All Rights Reserved
Rev: AMC, 8/2005

Intellinetics/Crist NONDISCLOSURE AGREEMENT

(d) is or becomes lawfully available to Recipient from a source other than Discloser; or

(e) is disclosed by Recipient with Discloser's prior written approval.

6. Term: This Agreement and Recipient's duty to hold Discloser's Proprietary Information in confidence shall remain in effect until the above-described Proprietary Information are no longer Proprietary Information or until Discloser sends Recipient written notice releasing Recipient from this Agreement, whichever occurs first.

7. No Rights Granted: Recipient understands and agrees that this Agreement does not constitute a grant or an intention or commitment to grant any right, title or interest in Discloser's Proprietary Information to Recipient.

8. Warranty: Discloser warrants that it has the right to make the disclosures under this Agreement. NO OTHER WARRANTIES ARE MADE BY DISCLOSER UNDER THIS AGREEMENT. ANY INFORMATION DISCLOSED UNDER THIS AGREEMENT IS PROVIDED "AS IS."

9. Injunctive Relief: Recipient recognizes and acknowledges that any breach or threatened breach of this Agreement by Recipient may cause Discloser irreparable harm for which monetary damages may be inadequate. Recipient agrees, therefore, that Discloser shall be entitled to an injunction to restrain Recipient from such breach or threatened breach. Nothing in this Agreement shall be construed as preventing Discloser from pursuing any remedy at law or in equity for any breach or threatened breach of this Agreement.

10. Attorney Fees: If any legal action arises relating to this Agreement, the prevailing party shall be entitled to recover all court costs, expenses and reasonable attorney fees.

11. Modifications: All additions or modifications to this Agreement must be made in writing and must be signed by both parties to be effective.

12. No Agency: This Agreement does not create any agency or partnership relationship between the parties.

13. Applicable Law: This Agreement is made under, and shall be construed according to, the laws of the State of Ohio.

IN WITNESS THEROF, the parties have executed this agreement on the respective dates entered below.

Discloser: Intellinetics™, Inc

By: _____
    (Signature)

_Matthew L. Chretien, President_
(Print Name & Title)

Date: _____

By: _____
    (Signature)

_Vice President_
(Print Name & Title)

DATE: 12/12/06

Recipient: John R. Crist
JRC FINANCIAL, INC.

By: _____
    (Signature)

_John R. Crist, President_
(Print Name & Title)

Date: 12/12/06

© 2005 Intellinetics™, Inc. All Rights Reserved
Rev: AMC, 8/2005