**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00729-RPM

DUANE ROBERTSON,

      Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

      Defendants.

**REPLY IN SUPPORT OF MOTION TO TRANSFER VENUE**

      Pursuant to D.C. COLO. LCivR 7.1C, Defendants The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien submit this Reply in support of their Motion to Transfer Venue (Doc. 11), and reiterate their request that venue of this action be transferred to the United States District Court for the Southern District of Ohio, Eastern Division.

### INTRODUCTION

      The Defendants filed an Affidavit contesting venue in the District of Colorado and providing facts supporting grounds for transfer to the Southern District of Ohio. (Doc. 11-2). Where a defendant files an affidavit challenging venue, it is a plaintiff's obligation to present *evidence* in response to the affidavit. *Pierce v. Shorty Small's of Branson, Inc.,* 137 F.3d 1190, 1192 (10th Cir. 1998). Here, the Plaintiff did not file a counter-affidavit and instead chose to file a Response containing mere arguments of counsel coupled with old letters having nothing to do

with venue. (Doc. 12). The lack of evidence from Plaintiff is telling and leads to the reasonable conclusion that he has no factual basis to challenge the Motion.

Included in the arguments of counsel are two contentions that deserve a response, although the Plaintiff has not explained why the contentions are relevant for purposes of a venue determination. Plaintiff states that the subject patent is "integral to Intellinetics' business." (Doc. 12 at 3). However, Defendant Intellinetics is not a party to the Patent Purchase Agreement, as the Agreement is between Plaintiff and Defendant Avatar Group. (Compl. at Ex. A, Doc. 1-3). Moreover, the Defendants have denied that Plaintiff has been deprived of use of the patent. (Compl., Doc. 1-2 at prelim. stmt.; Answer, Doc. 10 at prelim. stmt.). This is because the patent has not been used by the Avatar Group (or Intellinetics) since approximately September 1998, and has not been integral to the business since then.

Plaintiff also states that the subject patent sale involved the sale of the Intellinetics name. (Doc. 12 at 3). There was no agreement between the parties to sell the Intellinetics name (if Plaintiff had the right to sell the name), as the subject agreements do not refer or relate in any respect to a sale of that name. (Compl. at Ex. A-B, Doc. 1-3). Moreover, the Complaint does not contain any allegation that the subject transaction involved the sale of the Intellinetics name. (Doc. 1-2). The only reference in the Complaint to the use of the name is that Intellinetics is an Ohio corporation with it principal address in Columbus, Ohio. (Doc. 1-2 at ¶3).

In arguing against transfer, Plaintiff has disregarded the principle that venue statutes are generally designed for the benefit of defendants. *Goff v. Hackett Stone Co.,* 185 F.3d 874, 1999 WL 397409 at *1 (10th Cir. June 17, 1999) (unpublished opinion). Defendants submit this principle exists because "the plaintiff can decide not to sue or, perhaps, to sue elsewhere [and] a defendant has no such luxury." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1096 at n.3 (10th Cir. 1998) (internal citation omitted).

**TRANSFER UNDER 28 U.S.C. §1406(a)**

Plaintiff does not dispute there is case law (including from the Tenth Circuit) standing for the proposition that following removal of an action from state court, a federal court may transfer the action to another district for improper venue pursuant to 28 U.S.C. §1406(a). (Doc. 11 at 2-3; Doc. 12 at 4). Nor does Plaintiff dispute this action could have been brought in the Southern District of Ohio pursuant to 28 U.S.C. §1391(a)(1), as all of the Defendants reside in and around Columbus, Ohio. (Doc. 11 at 2-3; Doc. 12 at 4 and at 7, n.2). Plaintiff's admission of proper venue under §1391(a)(1) is reason enough to grant the Motion and transfer venue to the Southern District of Ohio.

The focus of Plaintiff's argument against transfer is on the "events or omissions" language in 28 U.S.C. §1391(a)(2). (Doc. 12 at 4-7). A "minimum contacts" test for personal jurisdiction is employed by the Plaintiff in arguing that some of the events or omissions giving rise to his claim occurred in Colorado. Plaintiff contends without evidentiary support that "at least one-half of the acts or omissions" occurred in Colorado. (Doc. 12 at 7). This begs the question, however, because in determining acts or omissions that give rise to a claim "the focus is on relevant activities of the defendant, not of the plaintiff." *Goff v. Hackett Stone Co., supra,* 1999 WL 397409 at *1 (internal citation omitted). See also, *Fodor v. Hartman,* 2006 WL 1488894 at *4 (D. Colo. 2006) (the test for determining venue is not the defendant's "contacts" with a particular district, but rather the location of those "events or omissions giving rise to the claim"). Here, the significant acts or omissions allegedly undertaken by the Defendants occurred in Ohio as explained in the Motion and supporting Affidavit. (Doc. 11 at 3; Doc. 11-2 at ¶¶10, 12, 15, and 19).[1]

---

[1] For unknown reasons the Plaintiff, through counsel, argues that the Defendants failed to explain their position that most of the acts or omissions took place in Ohio. (Doc. 12 at 6). Perhaps the Plaintiff did not carefully read the Affidavit supporting the Motion.

A "minimum contacts" factor argued by Plaintiff is that the Defendants allegedly breached a contract with a Colorado resident and should have expected suit in Colorado. (Doc. 12 at 5). This argument cuts both ways as the Plaintiff could reasonably be expected to file suit in Ohio. He purposefully entered into contracts with Ohio residents, the contracts were signed in Ohio, he filed one of the contracts with the Ohio Secretary of State (the Security Agreement), and the parties included Ohio choice of law provisions in two of the contracts – the Promissory Note and the Nondisclosure Agreement. (Doc. 11-2 at ¶¶14, 15, 17; Doc. 11-3; Doc. 11-4; Doc. 1-3). The Nondisclosure Agreement containing an Ohio choice of law provision was signed in Ohio in December 2006 at a time when the Plaintiff was aware that litigation would ensue. (Doc. 11-2 at ¶17; Doc. 11-4; Doc. 12 at 5, n. 1). As for the unsupported argument that the Defendants were "keenly aware that Colorado would be the most likely forum" (Doc. 12 at 5), Plaintiff does not dispute the fact that following his review and audit of Defendants' books and records in December 1996, his agent stated that a lawsuit concerning the subject contracts would end up in court in Columbus, Ohio. (Doc. 11-2 at ¶18). Notably absent from that undisputed statement is any mention of litigation in Colorado.

Plaintiff also argues that Defendants have reaffirmed their alleged indebtedness over the past ten years. (Doc. 12 at 5-6). The relevance of this argument to a venue determination is not explained. In any event, the letters provided by Plaintiff in support of his reaffirmation argument are mischaracterized in the Response. The first letter, written over eight years ago, explains the Defendants' efforts to fund their business (Doc. 12-2); there is no evidence that the parties modified the Patent Purchase Agreement as a result of this letter or at any other time. The second letter, a facsimile sent almost seven years ago, is a request for a loan to help with cash flow. (Doc. 12-3). Plaintiff failed to state that one month after this request, he lent money to Intellinetics in Ohio as memorialized in the Promissory Note that contains an Ohio choice of law

4

provision. (Doc. 11-2 at ¶15; Doc. 1-3). The third letter, written almost five years ago, is simply a status report concerning Intellinetics' financial condition, followed by a proposed payment schedule for the Promissory Note, not for the Patent Purchase Agreement. (Doc. 12-4). Plaintiff presented no evidence that he acted on the letter or its enclosures. The fourth letter, written almost four years ago, refers to comments about the proposed payment schedule for the Promissory Note, not for the Patent Purchase Agreement. (Doc. 12-5). Plaintiff presented no evidence that he acted on the proposal. The fifth letter is an effort to settle a disputed matter, written as a follow-up to the December 2006 review and audit of Defendants' books and records in Ohio. (Doc. 12-6). Plaintiff has acknowledged at that time the parties were aware litigation would ensue. (Doc. 12 at 5, n. 1). The letter is an effort to compromise a disputed claim and is not admissible to prove liability for, or the validity of, Plaintiff's claim. See, *F.R.E. 408(a).*

Plaintiff also argues that the Defendants' alleged failure to pay him in Colorado, his current Colorado residence, and Colorado as the location of his bank accounts, point to proper venue in the District of Colorado. However, "the locus of damage to a plaintiff has not been found to be the basis for setting venue." *Fodor v. Hartman, supra,* 2006 WL 1488894 at *4. Given that the focus for venue purposes is on the Defendants' activities, the Plaintiff's Colorado connections carry little weight. The Motion and supporting Affidavit demonstrate that a substantial part of the events and omissions giving rise to Plaintiff's claim occurred in Ohio. It is therefore appropriate to grant the Motion and transfer venue to the Southern District of Ohio.

It should be noted that the inquiry under 28 U.S.C. §1391(a)(2) does not end with a determination where a substantial part of the events or omissions giving rise to the claim occurred. §1391 (a)(2) provides that venue is also proper where "a substantial part of property that is the subject of the action is situated." There is no dispute the property that is the subject of this action is situated in Ohio, namely the patent and patent documents and the Defendants'

books and records. (Doc. 11 at 3; Doc. 11-2 at ¶¶6, 9, 11, and 13). Plaintiff does not and could not in good faith attempt to dispute these facts in his Response. Defendants submit the "substantial part of property" clause in §1391(a)(2) is reason enough to grant the Motion and transfer venue to the Southern District of Ohio.

### TRANSFER UNDER 28 U.S.C. §1404(a)

As with his argument against transfer of venue under 28 U.S.C. §1406(a), the Plaintiff presents no counter-affidavit or other evidence disputing the facts in support of a transfer pursuant to 28 U.S.C. §1404(a). Plaintiff instead chose to present mere arguments of counsel in an attempt to dispute transfer as appropriate under §1404(a). (Doc. 12 at 8-10).

The only significant connection to Colorado is the Plaintiff's current residence. Plaintiff argues that his choice of forum should be accorded great weight and should tip the scales in favor of the case remaining in this Court. (Doc. 12 at 8). Plaintiff did not, however, choose the District of Colorado as his forum – he chose a state court in Jefferson County, Colorado. He also chose that state court despite the diversity of citizenship between the parties and despite his agent's undisputed statement that this lawsuit would end up in court in Columbus, Ohio. Moreover, where a case's operative facts have no connection with the forum, a plaintiff's choice of forum is entitled to less weight. *Furr v. Aguilar,* 2005 WL 1801627 at *6 (D. Colo. 2005).

With respect to potential witnesses, the Response provides no evidence or information whatsoever about Plaintiff's potential witnesses, if any, or whether he would be the only witness to prove his case.[2] It is undisputed that all but one of Defendants' potential witnesses reside in the Columbus, Ohio area.[3] The location of witnesses is a key factor in determining the most

---

[2] Plaintiff's counsel, however, indicated in the Rule 26(f) conference that he has a potential witness who resides somewhere in the State of Missouri.
[3] Plaintiff misrepresents that one of Defendants' "officers" resides in Colorado and that Defendants failed to mention that fact. (Doc. 12 at 9). In the Motion and Affidavit, however, the Defendants in fact stated that an employee providing software engineering services to Intellinetics resides in Colorado but is a willing witness who need not be compelled to attend trial in Ohio. (Doc. 11 at 4; Doc. 11-2 at ¶20).

efficient place to litigate a dispute. *OMI Holdings, supra,* 149 F.3d at 1097. The lack of witnesses for the Plaintiff coupled with the Defendants' numerous witnesses in Ohio tips this key factor in favor of transferring venue.

The sources of proof and the cost of making the necessary proof also favor transfer to the Southern District of Ohio. The Defendants' office, their books and records, and the persons having knowledge of those books and records are in the Columbus, Ohio area. Plaintiff seeks an accounting spanning a period of ten years, and the accounting of ten years of books and records would necessarily have to occur in Ohio where the books and records are located. Plaintiff contends that all of these books and records could simply be transported to Colorado (Doc. 12 at 9), but he does not provide any evidence contradicting the fact of burden and expense to the Defendants. (Doc. 11 at 5; Doc. 11-2 at ¶¶6, 9, 11, 13, 19, 20). Moreover, where the majority of potential witnesses reside in another State, the cost of making the necessary proof is less expensive where those witnesses live. *Furr v. Aguilar, supra* 2005 WL 1801627 at *6.

Plaintiff does not dispute that all of the parties, including himself, could receive a fair trial in the Southern District of Ohio. (Doc. 11 at 5; Doc. 12 at 9). This does not mean the parties could not receive a fair trial in this Court, rather, it provides an assurance that an equally fair trial could be had in Ohio. Plaintiff also does not dispute that the docket in the Southern District of Ohio is no more congested than in this Court. (Doc. 11 at 5; Doc. 12 at 9). It also appears undisputed that, if this action were transferred to the Southern District of Ohio, the Plaintiff would not have to change counsel. (Doc. 11 at 5; Doc. 12 at 9). If Plaintiff obtained a judgment against the Defendants in the Southern District of Ohio rather than in this Court, it would obviate the need to engage in the registration procedure provided in 28 U.S.C. §1963. (Doc. 11 at 5; Doc. 12 at 10).

With respect to conflict of laws and questions of local law, two material documents have an Ohio choice of law provision and two documents have a Colorado choice of law provision. (Doc. 1-3; Doc. 11-4).[4]  Plaintiff has not answered the question as to why he chose Ohio law to govern two of the material documents if he did not expect to be litigating in Ohio.  In any event, Plaintiff does not dispute that there is no material difference between the common law of Ohio and Colorado respecting contracts, alleged breaches thereof, and available defenses.

The Plaintiff closes his argument by acknowledging the Defendants have demonstrated Ohio is a "good" venue and would be less expensive for the Defendants and their witnesses. (Doc. 12 at 10).  The other factors discussed in the Motion, Affidavit, and this Reply also show transfer is appropriate and convenient for the parties and the witnesses.  This action would be most efficiently litigated in the Southern District of Ohio and it would be in the interest of justice to transfer venue to that Court.

## CONCLUSION

The Defendants reiterate their request that the Court grant the Motion and transfer venue to the United States District Court for the Southern District of Ohio, Eastern Division.

Dated this 22nd day of May, 2007.

Respectfully submitted,

s/ Randolph S. Dement
Randolph S. Dement
7720 E. Belleview Avenue, Suite 350
Greenwood Village, Colorado  80111
Telephone:  303-721-7271
Facsimile:  303-779-6006
E-mail:  rdement@dementlaw.com
Attorney for Defendants

---

[4] Despite Plaintiff's protestations to the contrary, the Nondisclosure Agreement is material to this case because the books, records, and proprietary information covered by the Agreement are part and parcel of the accounting which Plaintiff seeks, and their use and dissemination are governed by the Agreement.

8

## CERTIFICATE OF SERVICE

      I hereby certify that on May 22, 2007, I electronically filed the foregoing **REPLY** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail address: Philip W. Bledsoe (pbledsoe@stklaw.com); and I hereby certify that I have served the document to the following non-CM/ECF participant in the manner indicated by the non-participant's name:

Nicole A. Westbrook (mail)
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, Colorado  80265


                                              s/ Randolph S. Dement
                                              Randolph S. Dement
                                              7720 E. Belleview Ave., Suite 350
                                              Greenwood Village, Colorado  80111
                                              Telephone:  303-721-7271
                                              Facsimile:  303-779-6006
                                              E-mail:  rdement@dementlaw.com
                                              Attorney for Defendants