IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

Civil Action No. 07-cv-00729-RPM

0    2007

GREG...

DUANE ROBERTSON,

    Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

    Defendants.

## STIPULATED PROTECTIVE ORDER

Pursuant Fed.R.Civ.P. 26(c) and the parties' stipulation, IT IS HEREBY ORDERED:

1.  This Stipulated Protective Order ("Order") shall be applicable to and govern all disclosures and discovery taken pursuant to the Federal Rules of Civil Procedure in the action of *Duane Robertson v. The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien*, in the United States District Court for the District of Colorado, Civil Action No. 07-cv-00729-RPM ("the Action), including all disclosures, supplemental disclosures, depositions, production of documents in response to formal or informal requests for production of documents, answers to interrogatories, and responses to requests for admissions, as well as testimony adduced at any hearing or at trial and documents or things otherwise offered as or admitted into evidence in this Action (collectively, "DISCOVERY MATERIAL") which the

disclosing party designates as "CONFIDENTLAL MATERIAL" or "ATTORNEYS' EYES ONLY MATERIAL."

2. A non-party to this Action from whom DISCOVERY MATERIAL is sought may stipulate to this Order and may thereby obtain the benefits, rights, and protections of a designating party under this Order, regardless of whether the Order is amended to add a non-party. By so stipulating the non-party agrees to be bound by and comply with all terms, of this Order and consents to this Court's jurisdiction over it for purposes of enforcing this Order.

3. A designating party shall designate as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL only that DISCOVERY MATERIAL which that party in good faith believes contains trade secret or other confidential, competitive or proprietary business information, processes, codes, or lists used by him or it in, or pertaining to, his or its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law, and for a designation of DISCOVERY MATERIAL as ATTORNEYS' EYES ONLY MATERIAL, the designating party must additionally believe in good faith that the material must be protected from disclosure to the parties themselves in this Action.

4. A party designating DISCOVERY MATERIAL as either CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL shall designate, label or mark such material, including all documents and other things, with an appropriate legend, such as, but not limited to, "Confidential" or "Confidential Material Subject to Protective Order" or "Attorneys' Eyes Only Material Subject to Protective Order." A party may mark the original documents or copies that are produced and exchanged. A party that inadvertently fails to mark an item as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL at the time of

production may later correct its failure, in writing and accompanied by substitute copies of each item, container or folder, bearing the appropriate confidentiality legend. Within five (5) days of receipt of the substitute copies, the receiving party shall return, certify the destruction of, or mark as confidential the previously unmarked items, containers or folders and all copies thereof, and shall subsequently treat such substituted items as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL in accordance with this Order.

5.   In the event a party wishes to file any CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL with the Court for any purpose, such party shall file it with the court in accordance with D.C. COLO. LCivR 7.2 and in a sealed envelope bearing (i) the filing date of this Order; (ii) the name, address and telephone number of filing counsel; (iii) the caption of this Action; and (iv) a legend substantially similar to the following: "**CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED OR DISCLOSED EXCEPT BY ORDER OF THE COURT.**" A copy of this Order shall be included in the sealed envelope. If a party fails to file any material or information under seal, any person who, in good faith, believes that filing such material or information under seal is required to protect its interests may move the Court to seal the information within thirty (30) days of learning of the allegedly defective filing. Notice of such motion shall be given to all parties.

6.   Counsel shall have sixty (60) days following the mailing of any deposition transcript to designate as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL those portions of the transcript regarded as such. All Counsel shall, within the same 60 day period, treat any deposition transcript as ATTORNEYS' EYES ONLY MATERIAL. If

within the 60 day period counsel wishes to file the transcript of any deposition with the Court, counsel shall do so under seal in accordance with section 5 of this Order.

7.   CONFIDENTIAL MATERIAL and ATTORNEYS' EYES ONLY MATERIAL shall be used and/or reproduced solely for the purpose of litigating this Action and not for any other purpose.

8.   DISCOVERY MATERIAL designated as CONFIDENTIAL MATERIAL may be disclosed or made available by the party receiving it only to the following persons:

(a)   the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

(b)   the in-house attorneys and the outside attorneys of record in this Action and associated attorneys within the parties' respective outside law firms, for the party or parties in this Action to whom such documents are produced, and the agents and employees of such attorneys;

(c)   court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this Action;

(d)   experts and consultants who have been retained by a party or counsel of record in this litigation for purposes of assisting in the preparation of this Action for trial, plus necessary clerical assistants; and

(e)   parties to this Action who are individuals and the employees, directors or officers of parties to this action who are corporations or partnerships, to the extent necessary to further the interest of the parties in this Action; provided, however, that at no time shall either party have possession of

4

any material marked by the other as CONFIDENTIAL outside the offices of counsel and at no time shall either party disclose or discuss any material marked by the other as CONFIDENTIAL to or with any employee, director, officer, agent or representative of the other party or any employee, director, officer, agent or representative of any affiliate of the other party or any employee, director, officer, agent or representative of any other entity.

9. DISCOVERY MATERIAL designated as ATTORNEYS' EYES ONLY MATERIAL may be disclosed or made available by the party receiving it only to the following persons:

(a) the Court and those employed by the Court, in which event such information shall be filed under seal (and kept under seal until further order of the Court);

(b) the in house attorneys and outside attorneys of record in this Action and associated attorneys within the parties' respective outside law firms, for the party or parties in this litigation to whom such documents are produced, and the agents and employees of such attorneys;

(c) court reporters and employees of court reporters engaged by counsel to record and transcribe testimony in this litigation; and

(d) experts and consultants who have been retained by a party or counsel of record in this Action for purposes of assisting in the preparation of this Action for trial, plus necessary clerical assistants.

10. Persons other than those employed by the Court, attorneys for the parties and their staff, and the parties to this action may have access to CONFIDENTIAL MATERIAL and/or ATTORNEYS' EYES ONLY MATERIAL, in accordance with the terms of this Order, only after they have been made aware of the provisions of this Order and have manifested their agreement to be bound thereby by signing a copy of a "NON-DISCLOSURE AGREEMENT" in the form attached hereto as Exhibit 1. With the exception of counsel of record, additional attorneys for the parties, as well as the staff of the parties' counsel and court reporters may have access to the CONFIDENTIAL MATERIAL and/or ATTORNEYS' EYES ONLY MATERIAL, in accordance with the terms of this Order, without first signing a NON-DISCLOSURE AGREEMENT, provided they have been made aware of the existence of this Order by receiving a copy thereof and have manifested their agreement to be bound by it, either orally or in writing.

11. The recipient of any CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL pursuant to this Order shall maintain such material in a secure and safe area and shall exercise due and proper care with respect to the storage, custody, use and/or dissemination of such material as is reasonably required to protect the confidentiality thereof.

12. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event any party to this Action disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to resolve any such dispute in good faith on an informal basis. If the dispute cannot be resolved on that basis, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before

ten (10) days after the producing party is served with the required notice of disagreement with the designation. All parties shall continue to treat any information designated as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL consistent with the terms of this Order pending resolution by the Court of any such challenge or until such designation is altered or amended by Order of the Court or agreement of the parties. The burden of proving that DISCOVERY MATERIAL has been properly designated as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL shall be on the party making such designation.

13. In the event that any CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL is used in any open Court proceedings in this Action, it shall not lose its CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use. Nothing in this agreement shall be deemed to restrict the form or content of either party's presentation of evidence at any hearing in this case.

14. Nothing in this Order shall preclude any party to the Action, their attorneys, or any other person from disclosing or using, in any manner or for any purpose, any DISCOVERY MATERIAL not obtained in this Action, if such material is lawfully obtained from a third party, even though the same material may have been produced in discovery in this Action and designated as CONFIDENTIAL MATERIAL or ATTORNEYS'EYES ONLY MATERIAL.

15. The designation of any material in accordance with this Order as constituting or containing CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for parties in conformity with such designation shall not be an admission or

agreement by any party that the designated material constitutes or contains any confidential or proprietary information.

16. The Clerk of the Court is directed to maintain under seal all documents, transcripts of deposition testimony, and other material filed in this action which have been designated, in whole or in part, as CONFIDENTIAL MATERIAL or ATTORNEYS' EYES ONLY MATERIAL.

17. Within sixty (60) days of the termination of this Action, all copies of all CONFIDENTIAL MATERIAL and ATTORNEYS' EYES ONLY MATERIAL, except such copies that have been filed or utilized in accordance with the terms of this Order, shall be returned to counsel for the party that produced it, or shall be destroyed and certified in writing as such by counsel for the receiving party to counsel for the producing party.

18. Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this Action and the Court shall have and retain limited jurisdiction for the purpose of enforcing this Order.

19. This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained herein.

IT IS SO ORDERED this 1st day of June, 2007.

The Honorable Richard P. Matsch
United States District Judge

**SO STIPULATED:**

_____
Philip W. Bledsoe
Nicole A. Westbrook
Shughart Thomson & Kilroy, P.C.
1050 Seventeenth Street, Suite 2300
Denver, Colorado 80265
Telephone: (303) 572-9300
Facsimile: (303) 572-7883
E-Mail: pbledsoe@stklaw.com
*Attorneys for Plaintiff*

_____
Randolph S. Dement
7720 East Belleview Avenue, Suite 350
Greenwood Village, Colorado 80111
Telephone: (303) 721-7271
Facsimile: (303) 779-6006
E-Mail: rdement@dementlaw.com
*Attorney for Defendants*

## EXHIBIT I

## NON-DISCLOSURE AGREEMENT

I, _____ have read the Stipulated Protective Order dated _____, 2007, entered in the Action captioned *Duane Robertson v. The Avatar Group, Inc., Intellinetics, Inc., A. Michael Chretien, and Matthew L. Chretien*, in the United States District Court for the District of Colorado, Civil Action No. 07-cv-00729-RPM (the "Action"), and agree to comply with the terms thereof.

I will not divulge any information covered by this Protective Order to any person for any purpose, except the attorneys of record for the parties to this matter, employees of the attorneys of record for the parties to this matter, and those persons who have signed a copy of this Non Disclosure Agreement. Neither will I directly nor indirectly use or allow the use of such information for any purpose, except that the information covered by this Non-Disclosure Agreement may be used by the attorneys of record for the parties to this matter, employees of the attorneys of record for the parties to this matter, and those persons who have signed a copy of this Non-Disclosure Agreement.

Further, I will not, by direct action, discussion, recommendation, or suggestion to any person, reveal the nature or content of any information covered by this Stipulated Protective Order.

Date: _____, _____   Signature:_____

Employer:_____

Position: _____

Address: _____

Relationship with party making disclosure:_____