**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0   2007

GREGORY

Civil Action No. 1:07-CV-729-RPM

DUANE ROBERTSON,

        Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually;
MATTHEW L. CHRETIEN, individually,

        Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL

Pursuant to Federal Rule of Civil Procedure 26(f), a conference was held between the parties on May 10, 2007. The Plaintiff, Duane Robertson, is being represented by Philip W. Bledsoe and Nicole A. Westbrook of Shughart, Thomson & Kilroy, P.C., 1050 17th Street, Suite 2300, Denver, Colorado 80265; telephone number (303) 572-9300. The Defendants, The Avatar Group, Inc.; Intellinetics, Inc.; A. Michael Chretien; and Matthew L. Chretien, are being represented by Randolph S. Dement, 7720 E. Belleview Avenue, Suite 350, Greenwood Village, Colorado 80111; telephone number (303) 721-7271.

### 2. STATEMENT OF JURISDICTION

This case was removed to federal court pursuant to Title 28, United States Code, Section 1441. Subject matter jurisdiction exists in this Court based upon complete diversity of citizenship, pursuant to Title 28, United States Code, Section 1332(a)(1). The Plaintiff is a

resident of Colorado and all Defendants are residents of Ohio. The amount in controversy exceeds $75,000, exclusive of interest and costs.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff*: Plaintiff first claims Defendants breached the contract, a patent purchase agreement and attendant security agreement, by failing to pay for the patent under the terms of the agreements. Plaintiff secondly claims Defendants Michael and Matthew Chretien breached the personal guarantee to fulfill all obligations under the patent purchase agreement, including making royalty payments. In the third claim, Plaintiff requests an accounting of Defendants' books to determine the real and accurate amount of royalties owed to Plaintiff under the contracts. Plaintiff's fourth claim alleges that Defendant Intellinetics breached its contract by failing to satisfy all conditions under a promissory note.

b. *Defendants*: Defendants have generally denied the substantive allegations of the complaint. Defendants admit that Avatar signed the Patent Purchase Agreement and Security Agreement, that the Chretiens signed the Patent Purchase Agreement, and that Intellinetics signed the Promissory Note. It is the Defendants' position that the Patent that Avatar purchased from the Plaintiff has not been in use since approximately September 1998 and that the technology being used by Intellinetics is not a modification, improvement, or continuation of the subject Patent; hence the royalties alleged to be due are substantially less than alleged by Plaintiff or are not owed at all, and that Intellinetics is not liable for the alleged debt of Avatar. As additional and affirmative defenses, Defendants assert that venue is improper in this Court but proper in the United States District Court for the Southern District of Ohio. Defendants also assert that the complaint fails to state a claim or a claim upon which relief can be granted. Defendants

2064347\1

further assert that the claims are barred in whole or in part by applicable statutes of limitations; the doctrine of laches; and the doctrines of waiver, estoppel, acquiescence, and payment.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The Plaintiff is a resident of Colorado. Defendant Avatar is an Ohio corporation, with its principal address at 189 West Southington Avenue, Worthington, Ohio 43805. Defendant Intellinetics is an Ohio corporation, with its principal address at 2190 Dividend Drive, Columbus, Ohio 43228. Defendant Michael Chretien is Vice President of Intellinetics, President of Avatar, and resides in Ohio. Defendant Matthew Chretien is President of Intellinetics, Vice President of Avatar, and also resides in Ohio.

The Plaintiff and Defendant Avatar entered into a Patent Purchase and Royalty Agreement on December 19, 1996. Defendants Michael and Matthew Chretien signed the Patent Purchase and Royalty Agreement. Defendant Avatar also executed a Security Agreement on December 19, 1996, in the Plaintiff's favor. On October 12, 2000, Defendant Intellinetics executed a Promissory Note in favor of the Plaintiff.

## 5. COMPUTATION OF DAMAGES

The Plaintiff seeks economic damages as follows: the Plaintiff requests an accounting to determine the amount of royalties to be paid by the Defendants pursuant to the Patent Purchase and Royalty Agreement and Security Agreement. The Patent Purchase Agreement states that Avatar will pay:

> 2.(a) Twenty percent (20%), up to a maximum aggregate amount of $750,000
> (the "Minimum Royalty Obligation"), of all "Gross Revenues," which for
> purposes of this Agreement shall mean the entire gross proceeds and receipts

3

of every kind and nature from all sales and services of any software products or services utilizing the Patent Rights or any modifications, improvements or continuations thereof, including, without limitation, InelliVue document imaging software and support fees; and

2.(b)  From and after Robertson has received the full Minimum Royalty Obligation, five percent (5%) of all Gross Revenues until December 31, 2011...

4.  In the event that Avatar fails to pay any Royalty Payments under subsection 2(a) or 2(b) on or before the 10th day of each month ... Avatar shall pay to Robertson a late charge of five cents for each dollar so overdue and such late charge together with such overdue amount, shall thereafter bear interest at the rate of eighteen percent (18%) per annum until paid in full...

The Plaintiff also requests $100,000 to be paid by Defendant Intellinetics pursuant to the terms of the Promissory Note, plus interest, less any payments the Defendants can show have already been paid.

The Defendants are not presently seeking an award of damages against the Plaintiff, but seek an award of costs and attorney's fees incurred in defending against Plaintiff's claims, to be determined at the conclusion of this action.

### 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED. R. CIV. P. 26(f)

a.  The Rule 26(f) meeting was held on May 10, 2007.

b.  Present were Philip W. Bledsoe and Nicole A. Westbrook, representing the Plaintiff, and Randolph S. Dement, representing the Defendants.

4

c. The parties have not proposed any changes in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

d. The Rule 26(a)(1) disclosures were made on May 24, 2007, which included full production of documents.

e. The parties have made no agreements to conduct informal discovery beyond the disclosure agreements stated herein. Counsel have discussed the possibility of a joint meeting with the parties to discuss settlement prior to the taking of depositions.

f. The parties do not anticipate that the claims or defenses will involve extensive electronically stored information. The parties have agreed to disclose documents in an electronic form where available, practicable, and cost effective. The parties have agreed to preserve electronic documents and the Plaintiff may request a sampling of Tom Moss's hard drive, Mr. Moss being an employee of Intellinetics and inventor of the Patent.

## 7. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: July 19, 2007.

b. Discovery Cut-off: December 31, 2007.

c. Dispositive Motion Deadline: January 31, 2008.

d. Expert Witness Disclosure

(1) The parties anticipate to elicit expert testimony in the fields of accounting to determine damages, and patent and patent usage for substantive issues.

(2) The parties shall have no more than three expert witnesses per side.

(3) The parties shall designate all experts supporting a claim or affirmative defense and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before October 15, 2007.

(4) The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before November 15, 2007.

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.  Deposition Schedule: The Parties have agreed to the following schedule and have made allowances for minor modifications if necessary.  It is anticipated that depositions of the Chretiens will occur in Columbus, Ohio, and the other deponents will occur in the Denver-metro area.

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Duane Robertson | Aug. 15, 2007 | 9:00 a.m. | 7 hours |
| John Crist | Aug. 14, 2007 | 9:00 a.m. | 7 hours |
| A. Michael Chretien | Sept. 11, 2007 | 9:00 a.m. | 7 hours |
| Matthew L. Chretien | Sept. 12, 2007 | 9:00 a.m. | 7 hours |
| Tom Moss | Sept. 5, 2007 | 9:00 a.m. | 7 hours |

f.  Interrogatories may be served after the scheduling conference on June 4, 2007, but not later than November 15, 2007.

g.  Requests for Production of Documents may be served after the scheduling conference on June 4, 2007, but not later than November 15, 2007.

h.  Discovery Limitations:

6

2064347\1

(1) Depositions shall be limited to ten depositions for the Plaintiff and ten depositions for the Defendants, including all experts.

(2) All depositions shall be limited to one day of seven hours.

(3) The number of interrogatories shall be limited to twenty-five per side.

(4) The number of requests for production of documents shall be limited to twenty per side. The number of requests for admissions shall be limited to twenty per side.

i.  No other proposals have been made regarding scheduling or discovery.

## 8. SETTLEMENT

The parties hereby certify that they have discussed the possibility of a prompt settlement or resolution of the case by alternative dispute resolution, pursuant to Fed. R. Civ. P. 26(f).

## 9. OTHER SCHEDULING ISSUES

a.  Counsel were able to reach an agreement on discovery or scheduling issues in this matter.

b.  All parties have requested a jury trial in this matter and expect that this case will take five days to try.

c.  The parties have filed with the Court, concurrently with this proposed Scheduling Order, a Stipulated Motion for Protective Order relating to the discovery in this case.

## 10. AMENDMENTS TO SCHEDULING ORDER

This Scheduling Order may be altered or amended only upon a showing of good cause.

2064347\1

DATED this _9_ day of _June_ , 2007.

BY THE COURT:

United States District Judge

SCHEDULING ORDER REVIEWED:

Philip W. Bledsoe
Nicole A. Westbrook
Shughart, Thomson & Kilroy, P.C.
1050 17th Street, Suite 2300
Denver, Colorado 80265
(303) 572-9300
Attorneys for Plaintiff

Randolph S. Dement
7720 E. Belleview Avenue, Suite 350
Greenwood Village, Colorado 80111
(303) 721-7271
Attorney for Defendants

8

2064347\1