IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00729-RPM

DUANE ROBERTSON,

Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

Defendants.

_____

**PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY
AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
_____

Plaintiff, Duane Robertson, by and through his counsel, Shughart Thomson & Kilroy, P.C., hereby moves for partial summary judgment on liability and in support states as follows:

### INTRODUCTION

Duane Robertson entered into a series of financial contracts with the Defendants including a Patent Purchase Agreement with The Avatar Group, Inc. ("Avatar"); a security agreement with A. Michael and Matthew L. Chretian; and a promissory note with Intellinetics, Inc. ("Intellinetics"). It is undisputed that these agreements were signed and perfected. It is further undisputed that the Defendants owe money to Mr. Robertson based upon each of these agreements. Although the exact amount due Mr. Robertson remains in dispute, partial summary judgment on claims one, two, and four is appropriate and the Court should find in favor of Mr. Robertson on the question of liability for the three contracts.

**2220177.1**

## **UNDISPUTED FACTS**

Patent Purchase and Royalty Agreement

1. In December 1996, Mr. Robertson entered into a Patent Purchase and Royalty Agreement ("Purchase Agreement") with Avatar, Michael Chretien, and Matthew Chretien to sell a "Three-State Virtual Volume System for Managing Document Storage to Permanent Media," bearing United States Patent No. 5,408,630 ("Patent"). [Complaint, Ex. A.]

2. The Purchase Agreement provides a scale by which Avatar shall pay Royalty Payments to Robertson. [Complaint, Ex. A, 2(a).] The parties agreed that these payments would be made monthly. [Complaint, Ex. A, 3.]

3. Avatar was formed in 1993 and has since become a wholly owned-subsidiary of Intellinetics. [Pl. Ex. 1, Depo. A. Michael Chretien pp. 7-8.]

4. Both Intellinetics and Avatar are principally owned by father A. Michael Chretien, currently vice president of Intellinetics and formerly president of Avatar, and Matthew L. Chretien, president of Intellinetics and formerly vice president of Avatar. [Pl. Ex. 1, Depo. A. Michael Chretien pp. 5, 7, 30.]

5. A. Michael Chretien signed the Patent Purchase and Royalty Agreement and acknowledged that, as late as 2006, royalty liability to Mr. Robertson continued to accrue on the books of Intellinetics. [Pl. Ex. 1, Depo. A. Michael Chretien pp. 29-30, 18.]

6. Mr. A. Michael Chretien admits that there is no doubt in his mind he owes some amount of money to Mr. Robertson based upon the Patent Purchase and Royalty Agreement - although they are still haggling over the exact price. [Pl. Ex. 1, Depo. pp. 66-67.]

7. Matthew L. Chretien also admits that he both reviewed and signed the Patent Purchase and Royalty Agreement in Mr. Robertson's favor and that money is owed to Mr.

Robertson based on that agreement.  [Pl. Ex. 2, Depo. Matthew L. Chretien pp. 24-25, 32.]

Personal Guarantee or Security Agreement

8. As security for the terms of the Patent purchase, Avatar executed a separate Security Agreement.  [Complaint, Ex. B.]

9. The Security Agreement provides that, upon default, including Avatar's failure to pay Robertson in accordance with the terms of the Agreement, Robertson can reclaim the Patent.  [Complaint, Ex. B, C(2).]

10. The performance by Avatar under the terms of the Purchase Agreement and Security Agreement is guaranteed personally, jointly and severally, by Michael and Matthew Chretien.  [Complaint, Ex. A, 9.]

11. A. Michael Chretien admits signing the personal guarantee to Mr. Robertson.  [Pl. Ex. 1, Depo. A. Michael Chretien p. 30.]

12. He further concedes owing money to Mr. Robertson based upon on the Patent Purchase and Royalty Agreement for which this personal guarantee was executed.  [Pl. Ex. 1, Depo. A. Michael Chretien pp. 66-67.]

13. Likewise, Matthew L. Chretien also confirmed that he signed a guarantee securing the Patent Purchase and Royalty Agreement.  [Pl. Ex. 2, Depo. Matthew L. Chretien p. 33.]

Promissory Note

14. Separately from the Purchase Agreement and Security Agreement, although incidental to the relationship between the parties arising from these agreements, Matthew Chretien, signing on behalf of the stated borrower, Intellinetics, executed a $100,000 Promissory Note in favor of Robertson on October 25, 2000.  [Complaint, Ex. C.]

15. The terms of the Promissory Note, written on Avatar letterhead, states that Intellinetics promises to pay Robertson $105,666.66 plus interest from October 27, 2000, in the amount of 8.5% per annum. [Complaint, Ex. C.]

16. A. Michael Chretien acknowledged signing the Promissory Note and that money is owed to Mr. Robertson based upon this agreement. [Pl. Ex. 1, Depo. A. Michael Chretien p. 66.]

17. Matthew L. Chretien likewise admitted the signing of the Promissory Note by Intellinetics in October 2000. [Pl. Ex. 2, Depo. Matthew L. Chretien p. 34.]

18. In fact, Matthew L. Chretien testified that the loan made by Mr. Robertson was based upon a short-term funding request for $300,000 submitted by Matthew, himself. [Pl. Ex. 2, Depo. Matthew L. Chretien p. 40.]

Mr. Robertson filed a complaint alleging three claims for breach of contract and a request for an accounting. All parties agree that the three agreements, as set forth above, were properly signed and remain owed to Mr. Robertson.

## ARGUMENT

*Summary Judgment Standard*

Under C.R.C.P. 56(c), summary judgment should be granted when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. *Turman v. Castle Law Firm, LLC*, 129 P.3d 1103, 1105 (2006). Material facts are those that may affect the outcome of the case. *In re Cress*, 106 B.R. 246, 247 (B.R. D. Kan. 1988). Although summary judgment is granted cautiously, it is not disfavored. *Celotex Corp. v. Catrett*, 477 US 317, 325 (1986).

The moving party bears the initial burden of establishing that there are no material facts in dispute, and then the burden shifts to the nonmoving party to establish that there is a triable

issue of fact.  *Caribou Properties, Inc. v. Manatee Design Group, Inc.*, 2005 WL 2972983, *1 (D.Colo. 2005) (not reported).

*Breach Of Contract Standard*

To establish a breach of contract claim, Mr. Robertson must show 1) that the parties entered into a valid agreement; 2) conditions precedent have occurred; 3) the Defendants failed to perform under the various contracts; and 4) Mr. Robertson was damaged as a result of these failures. *Western Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The undisputed facts establish Mr. Robertson's breach of contract claims.  The Defendants admit that they entered into valid agreements with Mr. Robertson.  [Para. Nos. 5-7; 11-13; 16-17.]  The Defendants have admitted to receiving the Patent under the Patent Purchase and Royalty Agreement and have further admitted soliciting and receiving the $100,000 payment precedent to the Promissory Note.  [Pl. Ex. 2, Depo. Matthew L. Chretien pp. 24-25, 32, 34.]  In fact, the Defendants have admitted that Mr. Robertson is owned money on all agreements, though the exact amount remains in dispute.  [Pl. Ex. 1, Depo. A. Michael Chretien pp. 66-67.]

Through their depositions, the Chretiens admit that they failed to perform under the various agreements.  *Id*.  It is thus unquestioned that some amount remains owed to Mr. Robertson under the terms of the Patent Purchase and Royalty Agreement; the personal guarantee; and the Promissory Note.

The Defendants, at various stages throughout their relationship with Mr. Robertson, have tried to negotiate and renegotiate payment plans that would eventually repay Mr. Robertson under the terms of the contracts.  [Pl. Ex. 1, Depo. A. Michael Chretien pp. 28, 29, 32, 39, 81-82.]  Additionally, the Defendants carried the obligation owed to Mr. Robertson under both the Promissory Note and the Patent Purchase and Royalty Agreement on their corporate books and

income tax returns through 2006. [Pl. Ex. 1, Depo. A. Michael Chretien p. 70; Pl. Ex. 2, Depo. Matthew L. Chretien pp. 9-13.] The only reasonable inference from these facts is that the Defendants, recognizing the validity of the agreements and their obligations thereunder, have kept the liabilities on their books and drafted various payment plans to repay Mr. Robertson the debt owed. Along with the undisputed facts, this inference constitutes further proof to support summary judgment.

The undisputed facts show that the Defendants did not perform, and are in breach of the parties' three agreements. Finally, it is undeniable that the Defendants' failure to perform under the valid agreements has damaged Mr. Robertson.

## **CONCLUSION**

The undisputed facts and reasonable inferences show that the parties entered into three valid agreements (the Patent Purchase and Royalty Agreement; the personal security agreement; and the Promissory Note) that the Defendants breached. The Defendants have admitted that the contracts are valid, enforceable, and that money is owed to Mr. Robertson. There are no further material facts in question regarding liability under the contracts. Considering the above undisputed facts and reasonable inferences that arise from those facts, Mr. Robertson is entitled to partial summary judgment as to liability for Claim One, for breach of the Patent Purchase and Royalty Agreement and Security Agreement; Claim Two, for breach of the personal guarantee; and Claim Four, for breach of the Promissory Note, because there are no genuine issues of material fact, and judgment in favor of Mr. Robertson is proper.

**DATED**: January 31, 2008.

        Respectfully Submitted,

        **SHUGHART THOMSON & KILROY, P.C.**

*Pursuant to C.R.C.P. 121 § 1-26, this document was E-Filed and/or E-Served via CourtLink, and a duly signed copy is on file and available for inspection at the offices of undersigned counsel.*

/s/ Philip W. Bledsoe
Philip W. Bledsoe, No. 33606
Nicole A. Westbrook, No. 34310
***Attorneys for Plaintiff***

2220177.1       7

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document, **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABILITY AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**, was filed electronically on the 31st day of January, 2008, with notice of same being sent via electronic notification by the Court, to:

Randolph S. Dement
7720 E. Belleview Ave., Suite 350
Greenwood Village, Colorado  80111

ATTORNEY FOR DEFENDANTS


/s/ Heather Royall
HEATHER ROYALL