## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00729-RPM

DUANE ROBERTSON,

    Plaintiff,

v.

THE AVATAR GROUP, INC., an Ohio corporation;
INTELLINETICS, INC., an Ohio corporation;
A. MICHAEL CHRETIEN, individually; and
MATTHEW L. CHRETIEN,

    Defendants.

## AFFIDAVIT OF THOMAS D. MOSS

Affiant, Thomas D. Moss, being of lawful age and being first duly sworn, deposes and states as follows upon his personal knowledge:

1. I am over the age of 18 and competent to testify to the facts stated in this Affidavit.

2. I am the inventor of the document imaging software technology referenced in the Patent and the Patent Purchase and Royalty Agreement that are subjects of this lawsuit. The source code for that software was written by me.

3. I worked for a Colorado corporation known as III G.I. Ltd. when it sold the Patent to Duane Robertson in 1996. At that time, I was performing virtually all of the work for III G.I. Ltd. on a day-to-day basis, including the writing, selling, and installing of software. III G.I. Ltd. was in the business of designing and selling document imaging software based on the technology referenced in the Patent.

1

A-1

4. At the time of the sale of the Patent from III G.I. Ltd. to Duane Robertson, I was a shareholder of III G.I. Ltd. and entitled to vote on the sale.

5. The Patent constituted all or substantially all of the property of III G.I. Ltd. at the time it was sold to Duane Robertson.

6. The sale of the Patent from III G.I. Ltd. to Duane Robertson was not in the usual and regular course of the company's business.

7. I was not given notice of the sale of the Patent from III G.I. Ltd. to Duane Robertson, nor was I given an opportunity to vote on the sale of the Patent.

8. The first time I saw the unsigned "Unanimous Consent of Shareholders of III G.I. Ltd.", designated as Deposition Exhibit 26, was during my deposition in this lawsuit. I did not sign the Unanimous Consent and to my knowledge it was not presented to or signed by the other shareholders of III G.I. Ltd.

9. To my knowledge, the sale of the Patent from III G.I. Ltd. was not approved by a majority of the shareholders entitled to vote, as was required by Article Thirteen of the attached Articles of Incorporation of the company.

10. I have been employed as a software engineer first by The Avatar Group, Inc. and then by Intellinetics, Inc. continually since 1997. I am the designer and developer of the software utilized by Intellinetics and previously by Avatar, and all the source codes for their software versions were written by me.

11. Since at least February 10, 1998, Intellinetics and Avatar have not utilized the patented technology referenced in the Patent, they have not utilized the Patent Rights defined in the Patent Purchase and Royalty Agreement, and they have not utilized any modification, continuation, or improvement of the Patent or of the Patent Rights.

FURTHER AFFIANT SAYETH NAUGHT.

2

Dated this _30_ day of January, 2008.

_____
Thomas D. Moss

STATE OF COLORADO     )
                      )  ss.
COUNTY OF WELD        )

The foregoing instrument was acknowledged before me this _30_ day of January, 2008 by Thomas D. Moss.

_____
Notary Public
My commission expires: _10-14-09_

3

III G.I. Ltd.
ARTICLES OF INCORPORATION

931057844   $50.00
SOS   06-02-93   16:05

The undersigned natural person, being 18 or more years of age, hereby establishes a corporation pursuant to the statutes of Colorado and adopts the following Articles of Incorporation:

FIRST: The name of the Corporation is III G.I. Ltd.

SECOND: The Corporation shall have perpetual duration.

THIRD: (a) *Purpose*. The purpose for which the Corporation is organized is to engage in any lawful business for which corporations may be incorporated pursuant to the Colorado Corporation Code.

(b) *Powers*. In furtherance of its lawful purposes the Corporation shall have and may exercise all of the rights, powers and privileges now or hereafter exercisable by corporations organized under the laws of Colorado. In addition, it may do everything necessary, suitable, convenient or proper for the accomplishment of any of its corporate purposes.

FOURTH: The aggregate number of shares which the Corporation shall have authority to issue is 500,000 shares of Class A Common Stock with a par value of $.01 per share and 500,000 shares of Class B Common Stock with a par value of $.01 per share.

FIFTH: The shareholders of the Corporation shall not have cumulative voting rights in the election of directors.

SIXTH: The shareholders of the Corporation shall not have the preemptive right to acquire unissued or treasury shares of the Corporation or securities convertible into such shares or carrying a right to subscribe to or acquire such shares or carrying stock purchase warrants or privileges.

SEVENTH: No director of the Corporation shall be liable to the Corporation or its shareholders for monetary damages for breach of fiduciary duty as a director, except that this provision shall not eliminate or limit the liability of a director to the Corporation or its shareholders for monetary damages for (i) any breach of the director's duty of loyalty to the Corporation or its shareholders, (ii) acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) acts specified in Section 7-5-114, C.R.S., or (iv) any transaction from which the director derived an improper personal benefit.

19313.1 9900.0200

   COMPUTER UPDATE COMPLETE

EIGHTH: Except as otherwise provided in the By-Laws or, to the extent not inconsistent with the By-Laws, as resolved by the Board of Directors, the Corporation shall be entitled to treat the registered holder of any shares of the Corporation as the owner thereof for all purposes, including all rights deriving from such shares, and shall not be bound to recognize any equitable or other claim to, or interest in, such shares or rights deriving from such shares, on the part of any other person, including but without limiting the generality hereof, a purchaser, assignee or transferee of such shares or of rights deriving from such shares, unless and until such purchaser, assignee, transferee or other person becomes the registered holder of such shares, whether or not the Corporation shall have either actual or constructive notice of the interest of such purchaser, assignee, transferee or other person; and no such purchaser, assignee, transferee or other person shall be entitled to receive notice of the meetings of the shareholders, to vote at such meetings, to examine a list of the shareholders, to be paid dividends or other sums payable to shareholders, or to own, enjoy and exercise any other property or rights deriving from such shares against the Corporation, until such purchaser, assignee, transferee or other person has become the registered holder of such shares.

NINTH: The address of the initial registered office of the Corporation is 1675 Broadway, Suite 2600, Denver, Colorado 80202. The name of its initial registered agent at such address is John G. Lewis.

TENTH: The initial Board of Directors shall consist of one director and the name and address of the person who shall serve as director until the first annual meeting of shareholders or until his successors are duly elected and qualified is as follows:

| NAME | ADDRESS |
|---|---|
| Douglas H. Kinner | 119 South Eldridge Way<br>Golden, Colorado 80401 |

ELEVENTH: The Corporation shall have four directors, two of whom shall be elected by the Class A shareholders, and two of whom shall be elected by the Class B shareholders, as provided in the By-Laws.

TWELFTH: The name and address of the incorporator is:

| NAME | ADDRESS |
|---|---|
| John G. Lewis | 1675 Broadway, Suite 2600<br>Denver, Colorado 80202 |

THIRTEENTH: Pursuant to Section 7-4-118(2), C.R.S., any action to be taken by the shareholders of the Corporation for which the Colorado Corporation Code requires the vote or concurrence of the holders of two-thirds of the outstanding shares entitled to vote thereon, or any class or series, shall only require the vote or concurrence of the holders of a majority of such shares or class or series thereof.

DATED: June 2, 1993.

INCORPORATOR:

*/s/ John G. Lewis*

John G. Lewis

19313.1 9900.0200

-3-